# IN THE COURT OF APPEALS OF IOWA

No. 15-1998
Filed March 23, 2016

**IN THE INTEREST OF A.M. AND D.M.,**
**Minor Children,**

**R.K., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

The father appeals the termination of his parental rights to his children, A.M. and D.M. **AFFIRMED.**

Shireen L. Carter of Shireen Carter Law Office, P.L.C., Clive, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Karl Wolle of the Juvenile Public Defender's Office, Des Moines, for minor children.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

The father appeals the termination of his parental rights to his two children, A.M. and D.M. He asserts the court improperly concluded termination was in the children's best interests and claims that the bond between the father and the children should preclude termination. We conclude that, because the father has not seen the children since August 2013, and currently is incarcerated in a federal prison, termination is in the children's best interests. We further conclude there remain no impediments to termination. Therefore, we affirm the order of the district court.[1]

A.M., born 2006, and D.M., born 2008, came to the attention of the Iowa Department of Human Services in late summer 2014, as the father was incarcerated on a methamphetamine trafficking conviction, and the mother was suspected of using illegal substances while caring for the children. A later drug screen confirmed this suspicion. The children were removed from the home in September 2014 and have remained in foster placement throughout the pendency of these proceedings.

The State petitioned for termination of parental rights in September 2015, and the matter came on for hearing on November 12, 2015. The district court found clear and convincing evidence to terminate the father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2015). The father appeals.

We review termination of parental rights proceedings de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Weight is given to the juvenile court's factual

---

[1] The mother's appeal was dismissed by the supreme court as untimely.

findings, especially when considering the credibility of witnesses, but we are not bound by those findings. *Id.*

In this case, the father does not challenge the statutory grounds for termination but asserts termination is not in the children's best interests under Iowa Code section 232.116(2). The father claims his tentative release date from federal prison in Arkansas is in May 2017. The record clearly reveals the children have suffered greatly because of the poor choices made by both parents. The father's extensive criminal history and current incarceration have left the children with no stability in their lives, other than what has been provided to them since their current foster home placement. We agree with the district court permanency and stability are essential for the children and, therefore, termination is in their best interests. *See In re J.E.,* 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

We also find no indicators that would preclude termination under Iowa Code section 232.116(3). While the father has sent the children a few letters during his lengthy incarceration, he has had no face-to-face contact with them since August 2013. To claim any sort of bond exists that would preclude termination was not credible to the district court, nor to us on appeal.

We therefore affirm the district court's termination of the father's parental rights.

**AFFIRMED.**